IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRITISH
TELECOMMUNICATIONS PLC
and BT AMERICAS, INC.,

Plaintiffs,

v.

Civ. No. 18-1018-CFC-MPT

FORTINET INC.,

Defendant.

---

Philip A. Rovner, Jonathan A. Choa (Potter, Anderson & Corroon LLP), Wilmington, Delaware; James H. Shalek, Baldassare Vinti, Nolan M. Goldberg, Fabio E. Tarud (Proskauer Rose LLP), New York, New York.

*Counsel for Plaintiffs*

Jack B. Blumenfeld, Brian P. Egan (Morris, Nichols, Arsht & Tunnell LLP), Wilmington, Delaware; John (Jay) Neukom, James Y. Pak (Skadden, Arps, Slate, Meagher & Flom LLP), Palo Alto, California. *Counsel for Defendant.*

*Counsel for Defendant*

**MEMORANDUM OPINION**

December 5, 2019
Wilmington, Delaware

_____
                    COLM F. CONNOLLY
                  UNITED STATES DISTRICT JUDGE

Plaintiffs British Telecommunications plc (British Telecom) and BT Americas, Inc. are part of a global conglomerate that offers telecommunications products and services. D.I. 1 ¶¶ 14–18. Defendant Fortinet, Inc. designs, fabricates, and sells network security products and services. Plaintiffs have asserted patent infringement claims against Fortinet based on five patents issued by the United States Patent and Trademark Office. Fortinet moved to dismiss all of Plaintiffs claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and the doctrine of *forum non conveniens*. D.I. 9 at 1. Fortinet argued that Plaintiffs and Fortinet "are parties to a written contract that contains a mandatory, exclusive forum-selection clause that forbids either side from asserting claims anywhere but the courts of England." *Id.*

A Magistrate Judge issued a Report and Recommendation, recommending that I deny Fortinet's motion. D.I. 32. Fortinet has filed objections to the Report and Recommendation. D.I. 26. Plaintiffs have filed a response to the objections. D.I. 38. Because Fortinet's motion is a dispositive motion, I exercise *de novo* review of the Magistrate Judge's findings and recommendation. *See* Fed. R. Civ. P. 72(b)(3). Although I do not agree with all the Magistrate Judge's stated reasons

for her recommendation, I agree with and will adopt her recommendation that I deny Fortinet's motion.

## I. BACKGROUND

The Complaint alleges infringement of five patents: U.S. Patent Nos. 7,370,358; 7,693,971; 7,774,845; 7,159,237 (the #237 patent); and 7,895,641 (the #641 patent). D.I. 1 ¶ 1. The patents relate generally to computer or network security. Each of the Complaint's five counts allege infringement of a different patent. BT Americas, which owns the #237 and #641 patents, is the plaintiff in Counts I and II. British Telecom, which owns the three remaining patents, is the plaintiff in Counts III, IV, and V.[1] The Complaint alleges infringement dating back to at least 2014 and continuing infringement by Fortinet.

In April 2016, British Telecom and Fortinet executed a "Frame Agreement" that set forth, among other things, the terms by which British Telecom could purchase and resell Fortinet's computer hardware and software products. D.I. 11-1

---

[1] The Complaint itself does not make definitively clear that BT Americas is the sole plaintiff in Counts I and II or that British Telecom is the sole plaintiff in Counts III, IV, and V. The first paragraph of each count states that the allegations in the count are alleged by "BT," which the Complaint defines as the two companies collectively. The Complaint also alleges in Counts I and II that Fortinet infringed the #237 and #641 patents "in disregard of BT's patent rights." D.I. 1.1 ¶¶ 76, 108. Plaintiffs however, state definitively in the brief filed in support of their motion that BT Americas is the sole plaintiff for Counts I and II and British Telecom is the sole plaintiff for Counts III, IV, and V. D.I. 10 at 1.

2

§§ 1.7, 1.8, 1.8.1, 1.13, 2.2, 2.3. Under § 2.5 of the Agreement, British Telecom "agree[d] and acknowledge[d] that Fortinet . . . shall retain all intellectual property rights . . . [and] patent rights" in Fortinet's products and that British Telecom "shall have no intellectual property right" in Fortinet's products. In § 17.13 of the Agreement, British Telecom and Fortinet agreed that "[n]othing contained in this [Frame Agreement] shall be construed as conferring by implication or otherwise upon either party any license or other right except the licenses, rights and uses expressly granted hereunder to the party hereto[.]"

The Frame Agreement's governing law and forum-selection clauses are the asserted bases for Fortinet's pending motion. Pursuant to § 17.4 of the Agreement, British Telecom and Fortinet agreed that "any claims or disputes arising out of contractual and/or non-contractual obligations relating to or in connection with the [Frame Agreement] . . . shall be governed by and construed in accordance with the laws of England." D.I. 11, Ex. 1 at 11. Section 17.4 also requires the parties to "submit to the exclusive jurisdiction of the English courts in relation to contractual and/or non-contractual obligations." *Id.*

## II. LEGAL STANDARDS

"Under the federal doctrine of *forum non conveniens*, 'when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would

3

'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case," even if jurisdiction and proper venue are established." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981), in turn quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). The doctrine traces its roots to the practice of courts at common law to "occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit . . . c[ould] be more appropriately conducted in a foreign tribunal." *Canada Malting Co. v. Patterson Steamships, Ltd.*, 285 U.S. 413, 422 (1932). In federal courts today, the doctrine applies only in cases where the alternative forum is in a foreign country or "perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l, Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citations omitted).

The doctrine presupposes the existence of an alternative forum that has jurisdiction over the parties and the claims. *See Am. Dredging*, 510 U.S. at 447 ("Under the federal doctrine of *forum non conveniens, when an alternative forum has jurisdiction to hear [a] case,* . . . the court may, in the exercise of its sound

discretion, dismiss the case.") (brackets in the original) (internal quotation marks and citations omitted) (emphasis added)); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them."). Thus, "[a]t the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum." *Piper*, 454 U.S. at 254 n.22.

In most cases, "this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Id.* at 254 (citing *Gulf Oil*, 330 U.S. at 506–07). But

> in rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied. Thus, for example, dismissal would not be appropriate where the alternative dispute forum does not permit litigation of the subject matter in dispute.

*Piper*, 454 U.S. at 254 n.22 (citation omitted). Adopting this "adequate alternative" language from *Piper*, courts, including the Third Circuit, have held that a district court confronted with a motion to dismiss on *forum non conveniens* grounds must "first determine whether an adequate forum can entertain the case." *Windt v. Qwest Commc'ns, Inc.*, 529 F.3d 183, 189–90 (3d Cir. 2008). The

defendant bears the burden of establishing that an adequate alternative forum exists. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991).

When a defendant invokes the *forum non conveniens* doctrine in the typical case—that is, a case that does not involve a forum-selection clause—a district court engages in a four-step inquiry:

> [A] district must first determine whether an adequate alternative forum can entertain the case. If such a forum exists, the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum. Once the district court has determined the amount of deference due the plaintiff's choice of forum, the district court must balance the relevant public and private interest factors. If the balance of these factors indicates that trial in the chosen forum would result in the oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds.

*Windt*, 529 F.3d at 189–90.[2] But when the parties have a contract that contains a valid forum-selection clause, "[t]he calculus changes," because "a valid forum-

---

[2] The appropriate amount of deference given to the plaintiff's choice of forum in step two of the analysis depends on whether the plaintiff is a domestic or foreign party. "[A] strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." *Windt*, 529 F.3d at 190 (citing *Piper*, 454 U.S. at 255). A foreign plaintiff's forum choice "deserves less deference," though a foreign plaintiff "may bolster the amount of

6

selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013) (brackets in the original) (internal quotation marks and citations omitted).

The forum-selection clause at issue in *Atlantic Marine* required the parties to litigate their dispute in a federal district court, not a foreign tribunal. The Court held that although "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*[,]" the "mechanism for enforcement of forum-selection clauses that point to a particular federal district" is the federal change-of-venue statute codified at 28 U.S.C. § 1404(a). *Id.* at 59–60. The Court noted that § 1404(a) "is merely codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system" and that § 1404(a) "replaced the traditional remedy of outright dismissal [of such cases] with transfer." *Id.* at 60. The Court held, accordingly, that "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61; *see also*

---

deference due their choice by making a strong showing of convenience." *Id.* (citing *Piper*, 454 U.S. at 256).

*id.* at 66 n.8 ("[T]he same standards [that apply to § 1404(a) motions to transfer] apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or federal forums.").

The Court next explained that "[t]he presence of a forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways[,]" two of which apply in the context of *forum non conveniens*. *Id.* at 63.[3] First, the district court must give no weight to the plaintiff's choice of forum. *Id.* Instead, the plaintiff bears the burden of establishing that exceptional circumstances exist to deprive a defendant of its bargained-for forum. *Id.* Second, the court must give no weight to the private interests of the parties. As the Court reasoned:

> When parties agree to a forum-selection clause, they waive their right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Id.* at 64.

The party seeking dismissal under the *forum non conveniens* doctrine bears the initial burden of establishing that the claims and parties involved in the suit are

---

[3] The third way—which has to do with the law that applies in the transferee venue under § 1404(a)—has no applicability to *forum non conveniens* because its remedy is dismissal, not transfer to another federal court. *See id.* at 63–65.

8

subject to the forum-selection clause. *Altvater Gessler-J.A. Baczewski Int'l (USA), Inc. v. Sobieksi Destylarnia S.A.*, 572 F.3d 86, 89 (2d Cir. 2009). To determine the scope and applicability of a forum-selection clause, the court applies principles of contract law. *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 180 (3d Cir. 2017). When the court's jurisdiction is based on a federal question and the parties' contract has a choice-of-law provision, the law selected in the contract's choice-of-law clause governs. *See id.* at 183 n.5 (holding that the law contractually selected by the parties governs the interpretation of a forum-selection clause for *forum non conveniens* purposes) (citing *Martinez v. Bloomberg LP*, 740 F.3d 211, 220 (2d Cir. 2014)).

## III. DISCUSSION

Fortinet argues that Plaintiffs' patent claims arise out of contractual and/or non-contractual obligations related to the Frame Agreement and, therefore, should be litigated in English courts. Plaintiffs counter that the doctrine of *forum non conveniens* does not provide a basis for dismissal of their claims, because their patent claims fall outside the temporal and substantive scope of the Frame Agreement and, in any event, because English courts are not an adequate alternative forum to litigate the claims. I need not resolve whether Plaintiffs' claims are covered by the Frame Agreement because Fortinet has failed to

demonstrate that an English court would have jurisdiction over Plaintiffs' patent claims.

This case presents the "rare circumstances" where the alternative forum does not appear to "permit litigation of the subject matter in dispute." *Piper*, 454 U.S. at 254 n.22. In such cases, "dismissal is not appropriate." *Id.* Fortinet does not cite any English case or statute that provides assurance that an English court could or would exert jurisdiction over Plaintiffs' United States patent claims.[4] Instead, Fortinet argues that "it is also *likely* the case that plaintiffs' claims are cognizable in England, even if based on U.S. patents." D.I. 10 at 18 (internal quotation marks omitted) (emphasis added). A mere likelihood of jurisdiction in the alternative forum, however, will not allow for dismissal under the doctrine of *forum non conveniens*. The doctrine presupposes actual—not potential or hypothetical— jurisdiction in the alternative forum. *Gulf Oil*, 330 U.S. at 507. This antecedent requirement makes perfect sense, as the doctrine was adopted by the Supreme Court so that courts could decline to exercise their jurisdiction "in the interest of

---

[4] Fortinet relies on two cases in which English courts construed the claims of a United States patent. *See* D.I. 36 at 7 (citing *Chugai Pharm. Co. Ltd v. UCB Pharm. SA.*, [2017] EWHC 1216 (Pat) and *Chugai Pharm. Co. Ltd v. UCB Pharma S.A.*, [2018] EWHC 2264 (Pat)). But the courts did so in the context of a licensing dispute, not a patent infringement action. Nothing in these cases suggests that an English court could or would assert jurisdiction over a United States patent infringement action.

10

justice." *Canada Malting Co.*, 285 U.S. at 422. Depriving a plaintiff of the only forum that definitively has jurisdiction to litigate its claims is inconsistent with the interests of justice. When, as here, jurisdiction in the district court undisputedly exists but there is a real question about whether the plaintiff could have brought its claims in the alternative foreign court, it would be inappropriate to dismiss the case on *forum non conveniens* grounds.

This conclusion is consistent with the Third Circuit's interpretation of § 1404(a) in *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*" (Emphasis added.) Thus, § 1404(a) requires the defendant to establish that the proposed transferee district court would have venue over the case in the first instance. That requirement is, of course, entirely analogous to *forum non conveniens*'s requirement that the alternative forum have jurisdiction over the parties and claims in dispute. The Court held in *Shutte* that the "where it might be brought" language of § 1404(a) constitutes a "limiting provision to the effect that a transfer is authorized by the statute only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action." 431 F.2d at 24.

The Court further held that "[i]f there is a 'real question' whether the plaintiff could have commenced the action originally in the transferee forum, it is evidence that he would not have an unqualified right to bring his cause of action in the transferee forum." *Id.* The Third Circuit's analysis in *Shutte* applies with equal force here. *See Atlantic Marine*, 571 U.S. at 66 n.8 ("[T]he same standards [that apply to § 1404(a) motions to transfer] apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or federal forums."). There is a real question whether Plaintiffs could have filed United States patent infringement claims in England, and therefore dismissal under the doctrine of *forum non conveniens* is inappropriate.

Fortinet argues that *Atlantic Marine* made the adequacy and availability of the alternative forum irrelevant "in the context of a mandatory [forum-selection clause]." D.I. 36 at 1. But nothing in *Atlantic Marine* suggests that the Court was overruling its holding in *Gulf Oil* that "[i]n *all* cases in which the doctrine of *forum non conveniens* comes into play, [the doctrine] presupposes at least two forums in which defendant is amenable to process[.]" *Gulf Oil*, 330 U.S. at 507 (emphasis added). Nor does *Atlantic Marine* suggest in any way that the Court was overruling its holding in *Piper* that "[a]t the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum."

12

*Piper*, 454 U.S. at 254 n.22. The Court stated in *Atlantic Marine* that parties to a forum-selection clause "waive the right to challenge the preselected forum *as inconvenient or less convenient*[.]" 571 U.S. at 64 (emphasis added). The Court did not say—and the interests of justice would not countenance—that the parties to a forum-selection clause waive the right to challenge dismissal based on the absence of jurisdiction in the contractually selected forum.

Fortinet argues in the alternative that *Atlantic Marine* shifts to the plaintiff the burden of establishing the alternative forum's adequacy and availability once the defendant demonstrates that a mandatory forum-selection clause applies to the plaintiff's claims. D.I. 36 at 4–5. But I understand *Atlantic Marine* to shift to the plaintiff only the burden of demonstrating that the relevant public interest factors outweigh the parties' expectations that their dispute would be litigated in the alternative forum. *See* 571 U.S. at 63–64.[5] A court's consideration of the relevant public interest factors comes after it has already determined that the alternative forum can entertain jurisdiction over the parties and the claims in dispute. Consistent with its decisions in *Gulf Oil* and *American Dredging*, the Court in

---

[5] I find it noteworthy that the Court held in *Atlantic Marine* that "[t]he presence of a forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways"—none of which concern the adequacy of the venue to which the defendant seeks a transfer. 571 U.S. at 63.

*Atlantic Marine* identified those public interests as including: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atlantic Marine*, 571 U.S. at 62 n.6 (brackets in the original) (citation omitted). In *Piper,* the Court added "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law" and "the unfairness of burdening citizens in an unrelated forum with jury duty" to the list of public interest factors to be considered in the *forum non conveniens* analysis. 454 U.S. at 241 n.6. The Court has never identified the alternative forum's jurisdiction, adequacy, or availability as public interest factors. And it would not make sense to do so, since the weighing of the public interest factors presupposes that the alternative forum has jurisdiction. The doctrine of *forum non conveniens* merely "furnishes [the] criteria for choice between" two forums, both of which have jurisdiction over the parties and the asserted claims. *Gulf Oil*, 330 U.S. at 507.

The burden-shifting called for by Fortinet also runs counter to one of the purposes behind the *forum non conveniens* doctrine. Requiring a plaintiff to prove a negative—i.e., the absence of jurisdiction in the foreign tribunal—would introduce unnecessary complexity to the court's analysis of foreign law, thus

subjecting the court to the very type of "unnecessary problem[] . . . in the application of foreign law" that *forum non conveniens* was designed to avoid. *Piper*, 454 U.S. at 241 n.6; *see also Am. Dredging*, 510 U.S. at 447–48 (stating that courts may exercise discretion under the *forum non conveniens* doctrine to dismiss the case "when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems" (internal quotation marks and citation omitted)). Accordingly, I reject Fortinet's argument that it was Plaintiffs' burden to demonstrate that they could not have brought their United States patent claims in an English court.

## IV. CONCLUSION

For the foregoing reasons, I will overrule Fortinet's objections and adopt the Magistrate Judge's recommendation that I deny Fortinet's motion to dismiss.

The Court will enter an order consistent with this Memorandum Opinion.