IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-1018 (CFC) (MPT) ) |
| FORTINET, INC., | ) ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |
| FORTINET, INC., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., | ) ) ) | |
| Counterclaim Defendants. | ) | |

## FORTINET, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO BRITISH TELECOMMUNICATIONS AND BT AMERICAS, INC.'S COMPLAINT

Fortinet, Inc. (hereinafter, "Fortinet"), by counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement ("Complaint") (D.I. 1) filed by British Telecommunications plc ("BT plc") and BT Americas, Inc. ("BT Inc.," and together with BT plc, "BT") as follows. In making this submission, Fortinet does not consent to this case proceeding in this Court. Fortinet has filed a motion to dismiss for *forum non conveniens* on the basis of a mandatory forum selection clause that applies to the claims pleaded by BT in this case.

Except as expressly admitted herein, Fortinet denies the allegations in the Complaint.

The Complaint contains section titles and other organizational headings to which no response is required. In responding to the Complaint, Fortinet also uses section titles and

Original Filing Date: January 10, 2020
Redacted Filing Date: January 17, 2020

organizational headings, but strictly as a convenience to the Court, and does not admit any allegations made in, or any inference suggested by, such headings.  To the extent any such section titles or other organizational headings in the Complaint are construed to contain substantive allegations to which response is required, they are hereby denied.

To the extent Fortinet uses certain terms from the Complaint in this response, such use is not an acknowledgment or admission of any characterization BT seeks to associate with any such terms.

## NATURE OF THE ACTION

1.      Fortinet admits that BT purports to allege an action for infringement of five United States patents:  U.S. Patent No. 7,159,237 ("the '237 Patent"), U.S. Patent No. 7,895,641 ("the '641 Patent"), U.S. Patent No. 7,370,358 ("the '358 Patent"), U.S. Patent No. 7,693,971 ("the '971 Patent"), and U.S. Patent No. 7,774,845 ("the '845 Patent") (collectively, the "Patents-in-Suit"). Fortinet denies the allegations of infringement and willful infringement.

2.      Fortinet admits that a true and correct copy of the '237 Patent purports to be attached to the Complaint as Ex. A.

3.      Fortinet admits that a true and correct copy of the '641 Patent purports to be attached to the Complaint as Ex. B.

4.      Fortinet admits that a true and correct copy of the '358 Patent purports to be attached to the Complaint as Ex. C.

5.      Fortinet admits that a true and correct copy of the '971 Patent purports to be attached to the Complaint as Ex. D.

6.      Fortinet admits that a true and correct copy of the '845 Patent purports to be attached to the Complaint as Ex. E.

## PARTIES

7.      Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.      Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      Admitted.

## JURISDICTION AND VENUE

10.     Fortinet admits that BT's patent infringement claims purport to arise under the United States patent statutes, 35 U.S.C. § 100, *et seq.*, but denies that such claims have merit.

11.     Fortinet denies that subject matter jurisdiction is proper in view of ███████ ████████████████████████████████████████████████████████████████ ██████████████████████, as explained in more detail in, *inter alia*, Fortinet's Opening Brief in Support of Its Motion for Certification and Stay Pursuant to 28 U.S.C. § 1292(b) ("Motion for Certification") (D.I. 47) and Fortinet's Opening Brief in Support of Its Motion to Dismiss Under Rule 12(b)(1) and the Doctrine of Forum Non Conveniens ("Motion to Dismiss") (D.I. 10).

12.     Fortinet admits that it is incorporated in Delaware and that this Court has personal jurisdiction over Fortinet for the purposes of this action only, but otherwise denies the allegations contained in paragraph 12 of the Complaint, including BT's claim that Fortinet "infringe[d] the claims of the Patents-In-Suit in the State of Delaware."

13.     Fortinet admits that it is incorporated in Delaware and that venue is proper in this District for the purposes of this action under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b), but denies that the forum is appropriate in view of ███████████████████████ ████████████████████████████████████████████████████████████

▮▮▮▮, as explained in more detail in, *inter alia*, Fortinet's Motion for Certification (D.I. 47) and Motion to Dismiss (D.I. 10).

## FACTS

### British Telecommunications plc., BT Americas, Inc. and Counterpane

14.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and, therefore, denies them.

15.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and, therefore, denies them.

16.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, therefore, denies them.

17.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, therefore, denies them.

18.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, therefore, denies them.

### Fortinet

19.     Fortinet admits that it is a cyber security company that offers a broad range of products and services.  Fortinet admits that it uses the marketing terms "FortiGate," "FortiWeb," "FortiMail," "FortiSandbox," "FortiManager," "FortiAnalyzer," "FortiGuard," "FortiClient," and "FortiClient EMS" to describe some of its products and services.  Fortinet denies that its products and services incorporate technologies invented by BT and Counterpane Internet Security, Inc.  Fortinet denies the remaining allegations in paragraph 19.

20.     Fortinet admits that it has received correspondence from BT regarding Fortinet's purported infringement of the '237 and '641 Patents.  Fortinet admits that BT requested that

Fortinet enter into discussions with BT regarding the '237 and '641 Patents. Fortinet denies any infringement. Fortinet denies the remaining allegations in paragraph 20.

21.     Fortinet denies the allegations in paragraph 21.

22.     Fortinet admits that the chief counsel for Intellectual Property Rights of BT sent a letter to Fortinet on December 11, 2014. The December 11, 2014 letter speaks for itself, and Fortinet denies any characterization by BT of the letter. Fortinet denies the remaining allegations in paragraph 22.

23.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.     Fortinet admits that on January 5, 2016, Fortinet received a letter from BT. The January 5, 2016 letter speaks for itself, and Fortinet denies any characterization by BT of the letter. Fortinet denies the remaining allegations in paragraph 27.

28.     Fortinet admits that on February 1, 2016, Fortinet's outside counsel responded to BT's January 5, 2016 letter. The February 1, 2016 letter speaks for itself, and Fortinet denies any characterization by BT of the letter. Fortinet denies the remaining allegations in paragraph 28.

29.     Fortinet admits that on March 21, 2016, BT responded to Fortinet's letter of February 1, 2016.   The March 21, 2016 letter speaks for itself, and Fortinet denies any characterization by BT of the letter.  Fortinet denies the remaining allegations in paragraph 29.

30.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33.     Fortinet denies that it has infringed the Patents-In-Suit.  Fortinet admits that BT purports to bring this action for compensation for Fortinet's alleged patent infringement, but denies that BT is entitled to any such compensation.  Fortinet denies the remaining allegations in paragraph 33.

### Alleged Infringement of the '237 and '641 Patents

34.     Fortinet admits that the '237 Patent bears the date January 2, 2007.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34, and therefore denies them.

35.     Fortinet admits that the '641 Patent bears the date February 22, 2011.  Fortinet admits that the face of the '641 Patent states that it is a continuation of the application that issued as the '237 patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, and therefore denies them.

36.     Fortinet lacks information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.

37.     Fortinet admits that Bruce Schneier is listed on the face of the '237 and '641 Patents.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37, and therefore denies them.

38.     Fortinet admits that Jonathan D. Callas is listed on the face of the '237 and '641 Patents.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38, and therefore denies them.

39.     The '237 and '641 Patents speak for themselves, and Fortinet denies any allegation in paragraph 39 that mischaracterizes the patents.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39, and therefore denies them.

40.     The '237 and '641 Patents speak for themselves, and Fortinet denies any allegation in paragraph 40 that mischaracterizes the patents.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41.     Paragraph 41 contains conclusions of law to which no response is required.  To the extent a response is required, Fortinet denies that it offers products or services that infringe the '237 and '641 Patents.  Fortinet admits that Fortinet's "Advanced Threat Protection" (ATP) framework consists of several products and services, but denies any characterization by BT of Fortinet's products and services.

### Alleged Infringement of the '358 Patent

42.     Fortinet admits that the '358 Patent bears the date May 6, 2008.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, and therefore denies them.

43.     The '358 Patent speaks for itself, and Fortinet denies any allegation in paragraph 43 that mischaracterizes the patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and therefore denies them.

44.     The '358 Patent speaks for itself, and Fortinet denies any allegation in paragraph 44 that mischaracterizes the patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44, and therefore denies them.

45.     Paragraph 45 contains conclusions of law to which no response is required.  To the extent a response is required, Fortinet denies that it offers products or services that infringe the '358 Patent.  Fortinet denies any characterization by BT of Fortinet's products and services.

## Alleged Infringement of the '971 Patent

46.     Fortinet admits that the '971 Patent bears the date April 6, 2010.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46, and therefore denies them.

47.     The '971 Patent speaks for itself, and Fortinet denies any allegation in paragraph 47 that mischaracterizes the patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47, and therefore denies them.

48.     The '971 Patent speaks for itself, and Fortinet denies any allegation in paragraph 48 that mischaracterizes the patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48, and therefore denies them.

49.     Paragraph 49 contains conclusions of law to which no response is required.  To the extent a response is required, Fortinet denies that it offers products or services that infringe the '971 Patent.  Fortinet denies any characterization by BT of Fortinet's products and services.

**Alleged Infringement of the '845 Patent**

50.     Fortinet admits that the '845 Patent bears the date August 10, 2010.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50, and therefore denies them.

51.     The '845 Patent speaks for itself, and Fortinet denies any allegation in paragraph 51 that mischaracterizes the patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51, and therefore denies them.

52.     The '845 Patent speaks for itself, and Fortinet denies any allegation in paragraph 52 that mischaracterizes the patent.  Fortinet lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52, and therefore denies them.

53.     Paragraph 53 contains conclusions of law to which no response is required.  To the extent a response is required, Fortinet denies that it offers products or services that infringe the '845 Patent.  Fortinet denies any characterization by BT of Fortinet's products and services.

**COUNT I**
**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,159,237)**

54.     Fortinet repeats, realleges, and incorporates by reference its responses to Paragraphs 1-53, above.

55.     Fortinet denies the allegations in paragraph 55 of the Complaint.

56.     The '237 Patent speaks for itself, and Fortinet denies any allegation in paragraph 56 that mischaracterizes the patent.  Fortinet denies the remaining allegations in paragraph 56, including that it infringed the '237 Patent.

57.     Fortinet denies the allegations in paragraph 57 of the Complaint.

58.     Fortinet admits that it provides products and services in connection with the marketing term "Advanced Threat Protection" framework.  Fortinet denies all remaining

allegations in paragraph 58, including any allegation that the ATP framework infringes the '237 Patent.

59.     To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Fortinet's products and services, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 59.

60.     Fortinet admits that it uses the marketing terms "FortiGate," "FortiMail," and "FortiWeb," and collectively refers to these terms as the "Fortinet Security Appliances," to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Fortinet Security Appliances, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 60.

61.     To the extent that BT purports to characterize or summarize Fortinet's products or services, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 61.

62.     Fortinet admits that it uses the term "custom signature keywords" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to custom signature keywords, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 62.

63.     Fortinet admits that it uses the term "Host/UserName" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Host/UserName, Fortinet refers BT

and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 63.

64.     To the extent that BT purports to characterize or summarize Fortinet's products or services, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 64.

65.     To the extent that BT purports to characterize or summarize Fortinet's products or services, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 65.

66.     Fortinet admits that it uses the term "white listing" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to white listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 66.

67.     Fortinet admits that it uses the term "black listing" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to black listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 67.

68.     To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to black listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 68.

69.    To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to black listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 69.

70.    Fortinet admits that it uses the term "unrated" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to unrated URLs, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 70.

71.    Fortinet admits that it uses the marketing terms "Fortinet Security Appliances," "FortiSandbox," and "FortiGuard" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Fortinet Security Appliances, FortiSandbox, or FortiGuard, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 71.

72.    Fortinet admits that it uses the marketing term "FortiGate" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGate, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 72.

73.    Fortinet admits that it uses the marketing terms "FortiGuard Labs," "FortiGate," "FortiSandbox," "FortiClient," "FortiCache," "FortiMail," "FortiWeb," "FortiADC," "FortiDDos," and "FortiDB" to describe some of its offerings.  To the extent that BT purports to

excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGuard Labs, FortiGate, FortiSandbox, FortiClient, FortiCache, FortiMail, FortiWeb, FortiADC, FortiDDos, or FortiDB, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 73.

74.     Fortinet admits that it uses the marketing term "Fortinet Security Appliances" to describe some of its offerings. To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Fortinet Security Appliances, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 74.

75.     Fortinet denies the allegations in paragraph 75 of the Complaint.

76.     Fortinet denies the allegations in paragraph 76 of the Complaint.

77.     Fortinet admits that it uses the marketing term "FortiSandbox" to describe some of its offerings. To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSandbox, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 77.

78.     To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 78.

79.     To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 79.

80.     Fortinet denies the allegations in paragraph 80 of the Complaint.

81.     Fortinet denies the allegations in paragraph 81 of the Complaint.

82.     Fortinet denies that BT is entitled to any relief whatsoever from Fortinet, either as requested in paragraph 82 or otherwise.

83.     Fortinet denies the allegations in paragraph 83 of the Complaint.  Fortinet further denies that BT is entitled to any relief whatsoever from Fortinet, either as requested in paragraph 83 or otherwise.

## COUNT II
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,895,641)

84.     Fortinet repeats, realleges, and incorporates by reference its responses to Paragraphs 1-83, above.

85.     Fortinet denies the allegations in paragraph 85 of the Complaint.

86.     The '641 Patent speaks for itself, and Fortinet denies any allegation in paragraph 86 that mischaracterizes the patent.  Fortinet denies the remaining allegations in paragraph 86, including that it infringed the '641 Patent.

87.     Fortinet denies the allegations in paragraph 87 of the Complaint.

88.     Fortinet admits that it provides products and services in connection with the marketing term "Advanced Threat Protection" framework.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Fortinet ATP framework, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 88.

89.     Fortinet admits that it uses the marketing terms "FortiGate," "FortiMail," and "FortiWeb," and collectively refers to these terms as the "Fortinet Security Appliances," to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Fortinet Security

Appliances, Fortinet refers BT and the Court to the publications for their true and correct content.   Fortinet denies the remaining allegations in paragraph 89.

90.     To the extent that BT purports to characterize or summarize Fortinet's products or services, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.   Fortinet denies the remaining allegations of paragraph 90.

91.     Fortinet admits that it uses the term "custom signature keywords" to describe the operations of some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to custom signature keywords, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 91.

92.     Fortinet admits that it uses the term "Host/UserName" to describe an aspect of some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Host/UserName, Fortinet refers BT and the Court to the publications for their true and correct content.   Fortinet denies the remaining allegations in paragraph 92.

93.     Fortinet admits that it uses the marketing terms "Fortinet Security Appliances" and "FortiSandbox" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Fortinet Security Appliances and FortiSandbox, Fortinet refers BT and the Court to the publications for their true and correct content.   Fortinet denies the remaining allegations in paragraph 93.

94.     To the extent that BT purports to characterize or summarize Fortinet's products or services, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.   Fortinet denies the remaining allegations of paragraph 94.

95.     Fortinet admits that it uses the marketing terms "Fortinet Security Appliances," "white listing," and "black listing" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Fortinet Security Appliances, white listing, and black listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 95.

96.     Fortinet admits that it uses the term "white listing" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to white listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 96.

97.     Fortinet admits that it uses the term "black listing" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to black listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 97.

98.     To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to black listing, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 98.

99.     To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to black listing, Fortinet refers BT and the Court to

the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 99.

100.    Fortinet admits that it uses the term "unrated" to describe an aspect of some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to unrated URLs, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 100.

101.    Fortinet admits that it uses the marketing terms "Fortinet Security Appliances" and "FortiSandbox" to describe some of its offerings.  To the extent that BT purports to characterize or summarize Fortinet Security Appliances or FortiSandbox, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 101.

102.    Fortinet admits that it uses the marketing terms "FortiSandbox," "FortiManager," and "FortiAnalyzer" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSandbox, FortiManager, or FortiAnalyzer, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 102.

103.    Fortinet admits that it uses the marketing terms "FortiSandbox" and "FortiGuard" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSandbox or FortiGuard, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 103.

104.   Fortinet admits that it uses the marketing term "FortiGate" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGate, Fortinet refers BT and the Court to the publications for their true and correct content.   Fortinet denies the remaining allegations in paragraph 104.

105.   Fortinet admits that it uses the marketing terms "FortiGuard Labs," "FortiGate," "FortiSandbox," "FortiClient," "FortiCache," "FortiMail," "FortiWeb," "FortiADC," "FortiDDos," and "FortiDB" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGuard Labs, FortiGate, FortiSandbox, FortiClient, FortiCache, FortiMail, FortiWeb, FortiADC, FortiDDos, or FortiDB, Fortinet refers BT and the Court to the publications for their true and correct content.   Fortinet denies the remaining allegations in paragraph 105.

106.   Fortinet admits that it uses the marketing term "Fortinet Security Appliances" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to Fortinet Security Appliances, Fortinet refers BT and the Court to the publications for their true and correct content.   Fortinet denies the remaining allegations in paragraph 106.

107.   Fortinet denies the allegations in paragraph 107 of the Complaint.

108.   Fortinet denies the allegations in paragraph 108 of the Complaint.

109.   Fortinet admits that it uses the marketing term "FortiSandbox" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSandbox, Fortinet refers BT and the Court

to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 109.

110.    To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 110.

111.    To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 111.

112.    Fortinet denies the allegations in paragraph 112 of the Complaint.

113.    Fortinet denies the allegations in paragraph 113 of the Complaint.

114.    Fortinet denies that BT is entitled to any relief whatsoever from Fortinet, either as requested in paragraph 114 or otherwise.

115.    Fortinet denies the allegations in paragraph 115 of the Complaint.  Fortinet further denies that BT is entitled to any relief whatsoever from Fortinet, either as requested in paragraph 115 or otherwise.

**COUNT III**
**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,370,358)**

116.    Fortinet repeats, realleges, and incorporates by reference its responses to Paragraphs 1-115, above.

117.    Fortinet denies the allegations in paragraph 117 of the Complaint.

118.    The '358 Patent speaks for itself, and Fortinet denies any allegation in paragraph 118 that mischaracterizes the patent.  Fortinet denies the remaining allegations in paragraph 118, including that it infringed the '358 Patent.

119.    To the extent that BT purports to characterize or summarize Fortinet's products or services, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 119.

120.    Fortinet admits that it uses the marketing terms "FortiGate," "FortiClient," and "FortiSandbox" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGate, FortiClient, or FortiSandbox, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 120.

121.    Fortinet admits that it uses the marketing term "FortiGuard" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiGuard, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 121.

122.    Fortinet admits that it uses the marketing term "FortiSandbox" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSandbox, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 122.

123.    Fortinet admits that it uses the marketing terms "FortiGate" and "FortiClient" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGate or FortiClient, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 123.

124.    Fortinet admits that it uses the marketing terms "FortiClient," "FortiGate," and "FortiSandbox" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiClient, FortiGate, or FortiSandbox, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 124.

125.    Fortinet admits that it uses the marketing term "FortiSandbox" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSandbox, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 125.

126.    To the extent that BT purports to characterize or summarize Fortinet's products or services, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 126.

127.    Fortinet denies the allegations in paragraph 127 of the Complaint.

128.    Fortinet denies the allegations in paragraph 128 of the Complaint.

129.    Fortinet denies that BT is entitled to any relief whatsoever from Fortinet, either as requested in paragraph 129 or otherwise.

## COUNT IV
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,693,971)

130.    Fortinet repeats, realleges, and incorporates by reference its responses to Paragraphs 1-129, above.

131.    Fortinet denies the allegations contained in Paragraph 131 of the Complaint.

132.    The '971 Patent speaks for itself, and Fortinet denies any allegation in paragraph 132 that mischaracterizes the patent.  Fortinet denies the remaining allegations in paragraph 132, including that it infringed the '971 Patent.

133.    Fortinet admits that it uses the marketing terms "FortiClient," "FortiGate," and "FortiManager" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiClient, FortiGate, or FortiManager, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 133.

134.    Fortinet admits that it uses the marketing term "FortiClient" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiClient, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 134.

135.    Fortinet admits that it uses the marketing terms "FortiGate" and "FortiClient" to describe some of its offerings.   To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGate or FortiClient, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 135.

136.    Fortinet admits that it uses the marketing terms "FortiGate" and "FortiClient" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiGate or FortiClient, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 136.

137.    Fortinet admits that it uses the marketing terms "FortiGate," "FortiClient," and "FortiManager" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGate, FortiClient, or FortiManager, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 137.

138.    Fortinet admits that it uses the marketing term "FortiGate" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiGate, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content. Fortinet denies the remaining allegations of paragraph 138.

139.    Fortinet admits that it uses the marketing term "FortiGate" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiGate, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 139.

140.    Fortinet admits that it uses the marketing terms "FortiClient," "FortiGate," and "FortiManager" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiClient, FortiGate, or FortiManager, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content.  Fortinet denies the remaining allegations of paragraph 140.

141.    Fortinet admits that it uses the marketing terms "FortiClient," "FortiGate," and "FortiManager" to describe some of its offerings.  To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiClient, FortiGate, or FortiManager, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 141.

142.    Fortinet denies the allegations in paragraph 142 of the Complaint.

143.    Fortinet denies the allegations in paragraph 143 of the Complaint.

144.    Fortinet denies that BT is entitled to any relief whatsoever from Fortinet, either as requested in paragraph 144 or otherwise.

## COUNT V
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,774,845)

145.    Fortinet repeats, realleges, and incorporates by reference its responses to Paragraphs 1-144, above.

146.    Fortinet denies the allegations in paragraph 146 of the Complaint.

147.    The '845 Patent speaks for itself, and Fortinet denies any allegation in paragraph 147 that mischaracterizes the patent.  Fortinet denies the remaining allegations in paragraph 147, including that it infringed the '845 Patent.

148.    To the extent that BT purports to characterize or summarize Fortinet's marketing materials and publications relating to Fortinet's products or services, Fortinet refers BT and the Court to the publications for their true and correct content.  Fortinet denies the remaining allegations in paragraph 148.

149.    Fortinet admits that it uses the marketing terms "FortiClient," "FortiGate," and "FortiClient EMS" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiClient, FortiGate, or FortiClient EMS, Fortinet refers BT and the Court to Fortinet's marketing materials and publications for their true and correct content. Fortinet denies the remaining allegations of paragraph 149.

150.    Fortinet admits that it uses the marketing terms "FortiAnalyzer" and "FortiClient" to describe some of its offerings.  To the extent that BT purports to characterize or summarize FortiAnalyzer or FortiClient, Fortinet refers BT and the Court to Fortinet's marketing materials

and publications for their true and correct content. Fortinet denies the remaining allegations of paragraph 150.

151.   To the extent that BT purports to characterize or summarize Fortinet's marketing materials and publications relating to Fortinet's products or services, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 151.

152.   Fortinet admits that it uses the marketing terms "FortiClient," "FortiSandbox," and "FortiGate" to describe some of its offerings. To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiClient, FortiSandbox, or FortiGate, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 152.

153.   Fortinet admits that it uses the marketing term "FortiClient EMS" to describe some of its offerings. To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiClient EMS, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 153.

154.   To the extent that BT purports to characterize or summarize Fortinet's marketing materials and publications relating to Fortinet's products or services, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 154.

155.   To the extent that BT purports to characterize or summarize Fortinet's marketing materials and publications relating to Fortinet's products or services, Fortinet refers BT and the

Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 155.

156. Fortinet admits that it uses the marketing term "FortiAnalyzer" to describe some of its offerings. To the extent that BT purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiAnalyzer, Fortinet refers BT and the Court to the publications for their true and correct content. Fortinet denies the remaining allegations in paragraph 156.

157. Fortinet denies the allegations in paragraph 157 of the Complaint.

158. Fortinet denies the allegations in paragraph 158 of the Complaint.

159. Fortinet denies that BT is entitled to any relief whatsoever from Fortinet, either as requested in paragraph 159 or otherwise.

### PRAYER FOR RELIEF

BT's Wherefore Clause contains requests for relief to which no response is required. To the extent a response is required, Fortinet denies each and every allegation contained in the remainder of the Complaint and denies that BT is entitled to any of the relief requested in BT's Wherefore Clause, or to any other relief as alleged in the Complaint.

### DEMAND FOR JURY TRIAL

Fortinet joins in BT's demand for a trial by jury on all issues so triable.

### GENERAL DENIAL

To the extent any allegation in the Complaint has not been specifically admitted, it is hereby denied.

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging whether Fortinet bears the burden of proof as to any of the following defenses, Fortinet asserts the following affirmative defenses based upon

information presently available to it.  Fortinet has not completed its investigations of defenses available to Fortinet, and therefore reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available through discovery or otherwise.  By asserting the affirmative defenses below, Fortinet does not waive any unstated defenses, and reserves all affirmative defenses that may exist now or in the future.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

2.     The Complaint fails to state a claim for which relief sought may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

3.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

4.     The '237 Patent is not infringed because Fortinet does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid, enforceable claims of the '237 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.  Furthermore, even if Fortinet did make, use, sell, offer for sale, or import into the United States any products or methods that are covered by any valid, enforceable claims of the '237 Patent, this would not constitute infringement because the parties' written contract includes a disclaimer by BT of any intellectual property rights in Fortinet's Products, Software, and Services.

27

5.     The '641 Patent is not infringed because Fortinet does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid, enforceable claims of the '641 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.  Furthermore, even if Fortinet did make, use, sell, offer for sale, or import into the United States any products or methods that are covered by any valid, enforceable claims of the '641 Patent, this would not constitute infringement because the parties' written contract includes a disclaimer by BT of any intellectual property rights in Fortinet's Products, Software, and Services.

6.     The '358 Patent is not infringed because Fortinet does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid, enforceable claims of the '358 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.  Furthermore, even if Fortinet did make, use, sell, offer for sale, or import into the United States any products or methods that are covered by any valid, enforceable claims of the '358 Patent, this would not constitute infringement because the parties' written contract includes a disclaimer by BT of any intellectual property rights in Fortinet's Products, Software, and Services.

7.     The '971 Patent is not infringed because Fortinet does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid, enforceable claims of the '971 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.  Furthermore, even if Fortinet did make, use, sell, offer for

sale, or import into the United States any products or methods that are covered by any valid, enforceable claims of the '971 Patent, this would not constitute infringement because the parties' written contract includes a disclaimer by BT of any intellectual property rights in Fortinet's Products, Software, and Services.

8.      The '845 Patent is not infringed because Fortinet does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid, enforceable claims of the '845 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.  Furthermore, even if Fortinet did make, use, sell, offer for sale, or import into the United States any products or methods that are covered by any valid, enforceable claims of the '845 Patent, this would not constitute infringement because the parties' written contract includes a disclaimer by BT of any intellectual property rights in Fortinet's Products, Software, and Services.

### THIRD AFFIRMATIVE DEFENSE
**(Limitation on Damages)**

9.      Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

10.     Upon information and belief, BT's right to seek damages is limited, including and without limitation by 35 U.S.C. §§ 286 and 287.

### FOURTH AFFIRMATIVE DEFENSE
**(Invalidity)**

11.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

12.     The '237 Patent is invalid for failing to satisfy the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, on information and belief, one or more claims of the '237 Patent are invalid for at least the same reasons as set forth in Fortinet's petition filed in PTAB Case No. IPR2019-01325. Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert further and additional grounds for invalidity of the '237 Patent according to the appropriate schedule determined by the Court.

13.     The '641 Patent is invalid for failing to satisfy the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, on information and belief, one or more claims of the '641 Patent are invalid for at least the same reasons as set forth in Fortinet's petition filed in PTAB Case No. IPR2019-01324. Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert further and additional grounds for invalidity of the '641 Patent according to the appropriate schedule determined by the Court.

14.     The '358 Patent is invalid for failing to satisfy the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, on information and belief, one or more claims of the '358 Patent are invalid for at least the same reasons as set forth in Fortinet's petition filed in PTAB Case No. IPR2019-01327 and PTAB Case No. IPR2019-01328. Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert further and additional grounds for invalidity of the '358 Patent according to the appropriate schedule determined by the Court.

15.     The '971 Patent is invalid for failing to satisfy the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example,

on information and belief, one or more claims of the '971 Patent are invalid for at least the same reasons as set forth in Fortinet's petition filed in PTAB Case No. IPR2019-01323.   Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert further and additional grounds for invalidity of the '971 Patent according to the appropriate schedule determined by the Court.

16.     The '845 Patent is invalid for failing to satisfy the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and 112.   For example, on information and belief, one or more claims of the '845 Patent are invalid for at least the same reasons as set forth in Fortinet's petition filed in PTAB Case No. IPR2019-01326.   Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert further and additional grounds for invalidity of the '845 Patent according to the appropriate schedule determined by the Court.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

17.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

18.     ███████████████████████████████████████████████ this Court is without subject matter jurisdiction to hear or adjudicate BT's claims against Fortinet, or provide any relief thereunder.

## SIXTH AFFIRMATIVE DEFENSE
### (*Forum non conveniens*)

19.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

20.     The Court should decline to exercise jurisdiction over this case pursuant to the doctrine of *forum non conveniens*.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

21.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

22.     BT cannot prove that this is an exceptional case justifying an award of attorneys' fees against Fortinet pursuant to 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

23.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

24.     Fortinet has not willfully infringed any of the Patents-in-Suit, including the '237 and '641 Patents, nor can BT prove that Fortinet has willfully infringed.

**NINTH AFFIRMATIVE DEFENSE**
**(Express License)**

25.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

26.     BT is not entitled to the relief sought against Fortinet because, on information and belief, Fortinet holds a license to the Patents-in-Suit, including by virtue of the written contract between the parties.

**TENTH AFFIRMATIVE DEFENSE**
**(Equitable / Legal Estoppel)**

27.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

28.     BT's claims against Fortinet are barred, in whole or in part, by the doctrines of equitable and/or legal estoppel, including by virtue of the written contract between the parties.

29.     In particular, ██████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████

30.     ████████████████████████ BT brought this lawsuit alleging that Fortinet's Products, Software, and/or Services infringe patents that BT purports to hold.

31.     Fortinet's investigation is ongoing and discovery has yet to commence.  Fortinet thus expressly reserves the right to assert further and additional facts.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

32.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

33.     BT's claims against Fortinet are barred, in whole or in part, by the doctrine of waiver, including by ████████████████████████████████████████████████ ████████

## TWELFTH AFFIRMATIVE DEFENSE
### (Acquiescence)

34.     Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and Counterclaims.

35.     BT's claims against Fortinet are barred, in whole or in part, by the doctrine of acquiescence, including by ████████████████████████████████████████████ ████████

## OTHER AFFIRMATIVE DEFENSES

36.     Fortinet hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

WHEREFORE, Fortinet respectfully requests:

A.  Judgment dismissing with prejudice BT's Complaint;

B.  That the Court enter judgment in favor of Fortinet and award Fortinet attorneys' fees incurred in defending against BT's Complaint; and

C.  Such other and further relief as this Court may deem just and proper.

## FORTINET'S COUNTERCLAIMS

1.     Fortinet incorporates by reference all preceding paragraphs of its Answer.  As its counterclaims against British Telecommunications plc ("BT plc") and BT Americas, Inc. ("BT Inc.," and together with BT plc, "BT"), Fortinet, Inc. ("Fortinet") alleges as follows:

## PARTIES

2.     Fortinet is a Delaware corporation with a principal place of business at 899 Kifer Road, Sunnyvale, California 94086.

3.     Upon information and belief and as BT admitted in its Complaint, BT plc is a corporation organized under the laws of England and Wales, and has a principal place of business at 81 Newgate Street, London EC1A 7AJ, United Kingdom.

4.     Upon information and belief and as BT admitted in its Complaint, BT Inc. is a Delaware corporation, and has a principal place of business at 8951 Cypress Waters Blvd, Suite 200, Dallas TX 75019.

## JURISDICTION AND VENUE

5.      By filing its Complaint, BT has consented to the personal jurisdiction of this Court.

6.      As set forth in numerous filings, such as Fortinet's Motion for Certification (D.I. 47) and Motion to Dismiss (D.I. 10), Fortinet respectfully maintains that this Court does not have subject matter jurisdiction over this action in view of ███████████████████████████ ████████████████████████ Fortinet has moved to dismiss BT's claims on that basis.  Fortinet is in the process of seeking interlocutory appellate review of the opinion on its motion to dismiss (Fortinet's Motion for Certification (D.I. 47) is pending).   In the alternative, if subject matter jurisdiction over BT's claims for patent infringement were found to be proper in this Court – and Fortinet is thus forced to defend BT's claims in this Court – then subject matter jurisdiction over Fortinet's counterclaims would be proper under 28 U.S.C. §§ 1331, 1367, and/or 1338; the Federal Declaratory Judgment Act; and/or 28 U.S.C. §§ 2201 and 2202.

7.      Fortinet respectfully submits that the forum is inappropriate in view of ███████ ███████████████████████████████████████████ ████████████████████, and does not waive any *forum non conveniens* argument by bringing these counterclaims.   Nevertheless, venue is proper in this District for these counterclaims under 28 U.S.C. §§ 1391(b), (c), and/or 1400(b).

## FACTUAL BACKGROUND

8.      ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████

9.   ████████████████████████████████████████████████

████████████████████████████ BT filed this lawsuit against Fortinet alleging infringement of the Patents-in-Suit through Fortinet's products and services.  Fortinet is entitled to recover for BT's breach.

### BT Disclaimed Its Intellectual Property Rights Through The Frame Agreement

10.    In April 2016, Fortinet and BT plc executed an agreement titled, "Frame Agreement for Resellers purchasing from Fortinet's distribution channel" ("Frame Agreement"). A true and correct copy of the Frame Agreement is attached hereto as **Exhibit 1**, modified only to include large, sequential, bold-font numbers in the lower left-hand corners of the document.

11.   ████████████████████████████████████████████████

12.   ████████████████████████████████████████████████

████████████████████████

13.   ████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████

14.   ████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████

15. 

16.

17.

**In Breach Of The Frame Agreement, BT Asserts**
**Its Patent Rights Against Fortinet's Products and Services**

18.     On July 10, 2018, BT filed this lawsuit against Fortinet, asserting infringement of five patents. (D.I. 1.)

19.     Each of BT's counts of patent infringement alleges infringement by Fortinet's Products, Software, and/or Services that fall under the Frame Agreement.

20.     By way of example, Counts I and II of BT's Complaint identify "various Fortinet products and services, including, but not limited to, FortiGate, FortiWeb, FortiMail, FortiSandbox, FortiManager, FortiAnalyzer, and/or FortiGuard."   Counts III identifies "various Fortinet products and services including, but not limited to, FortiGate, FortiWeb, FortiMail, FortiSandbox, FortiManager, FortiClient, and/or FortiGuard."   Count IV identifies "various Fortinet products and services including, but not limited to, FortiGate, FortiClient, and/or

FortiManager." And Count V identifies "various Fortinet products and services including, but not limited to, FortiGate, FortiClient, FortiClient EMS, and/or FortiAnalyzer."

21.   By asserting patent rights against Fortinet's Products, Software, and/or Services in this lawsuit, ████████████████████████████████████████████████████

████████████████████████████

## FIRST COUNTERCLAIM
### (Breach of Contract)

22.   Fortinet incorporates by reference all preceding and succeeding paragraphs of this Answer and these Counterclaims.

23.   ████████████████████████████████████

24.   ████████████████████████████████████████████████

████████████████████████████████████████

25.   ████████████████████████████████████████

26.   ██████████████████████████████████

27.   ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

28.   ████████████████████████████████████████████

████████████████████████████████████████████████████

████

29.   ████████████████████████████████████████████

████████████████████████████████████

### SECOND COUNTERCLAIM
**(Declaratory Judgment of Unenforceability Based On Contract)**

30.     Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

31.     BT plc and Fortinet executed the Frame Agreement.

32.     

33.

34.

35.     In this lawsuit, BT alleges that Fortinet's Products, Software, and/or Services infringe the Patents-in-Suit.

36.     By virtue of the Frame Agreement, the Patents-in-Suit are contractually unenforceable, at minimum, against Fortinet's Products, Software, and Services.

37.     A substantial, immediate, and real controversy exists between Fortinet and BT regarding whether the offerings that BT accuses of infringement are, in fact, incapable of infringing any of the Patents-in-Suit.

38.     A judicial declaration of unenforceability by virtue of contract is necessary to establish Fortinet's right to continue operating its business free of unwarranted claims of infringement by BT.

## PRAYER FOR RELIEF

WHEREFORE, Fortinet prays for judgment and relief to be entered:

A.      Declaring that BT has breached the Frame Agreement and awarding damages to Fortinet as a result of BT's breach;

B.      Declaring that the Patents-in-Suit are contractually unenforceable against Fortinet;

C.      Permanently enjoining BT from asserting against Fortinet any claim of patent infringement with respect to the Patents-in-Suit;

D.      A judgment that Fortinet be awarded pre-judgment and post-judgment interest on any award; and

E.      That the Court award Fortinet any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Fortinet demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____

OF COUNSEL:

John (Jay) Neukom
James Y. Pak
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA  94301
(650) 470-4500

January 10, 2020

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant*

40

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 17, 2020, upon the following in the manner indicated:

Philip A. Rovner, Esquire                               *VIA ELECTRONIC MAIL*
Jonathan A. Choa, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Plaintiffs*

James H. Shalek, Esquire                               *VIA ELECTRONIC MAIL*
Baldassare Vinti, Esquire
Nolan M. Goldberg, Esquire
Fabio E. Tarud, Esquire
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
*Attorneys for Plaintiffs*


/s/ *Brian P. Egan*
_____
Brian P. Egan (#6227)

# EXHIBIT 1

# FULLY REDACTED