## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No.18-1018-CFC-MPT |
| FORTINET, INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## SCHEDULING ORDER[1]

This ~~2nd~~ day of ~~March~~ June, 2020, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on

March 16, 2020, and the parties having determined after discussion that the matter

cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration;

---

[1]     The parties' proposed dates set forth herein are also set forth in chart form in
Appendix A appended hereto.

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within twenty-one

(21) days of the date of this Order.  If they have not already done so, the parties are

to review the Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI") (the "Default Standard"), which is

posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standards for

Discovery), and is incorporated herein by reference.  The Default Standard's

deadlines for disclosures are adopted unless otherwise stated herein.  The parties

will confer and attempt to reach agreement on an E-Discovery Order and submit it

to the Court within thirty (30) days from the date the Court enters this Order.

2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to

join other parties, and to amend or supplement the pleadings shall be filed on or

before April 30, 2020, except all motions for leave to assert inequitable conduct

shall be filed on or before April 22, 2021.

Case 1:18-cv-01018-CFC-MPT  Document 63  Filed 03/20/20  Page 3 of 24 PageID #: 1410

3.  Fact Discovery.[2]

     a.  Limitation on Hours for Deposition Discovery.  Each side is limited to a total of seventy-five (75) hours of taking testimony by deposition upon oral examination, excluding depositions of experts.  No witness shall be deposed for more than seven (7) hours absent party agreement or leave of Court.

     b.  Limitation on the Number of Interrogatories.  Each side is limited to a maximum of thirty (30) interrogatories, including contention interrogatories.

     c.  Requests for Admission.  Each side is limited to fifty (50) requests for admission.  Requests to admit the authenticity of a document shall not count toward this limit.

     d.  Disclosures

        i.  Identification of Accused Products and Asserted Patents. By April 13, 2020, Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

---

[2] There is no specific numerical limit on the number of requests for production under Rule 34, which shall be used commensurately with the needs of the case. Furthermore, each party reserves its right to seek leave of the court to take discovery in excess of the discovery limits set forth herein upon an appropriate showing.

          ii.    Core Technical Documents.    By May 13, 2020, Defendant shall produce to Plaintiffs the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

          iii.    Initial Infringement Contentions.  By June 22, 2020, Plaintiffs shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

          iv.    Initial Invalidity Contentions.    By August 6, 2020, Defendant shall produce to the Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents).

          v.    Final Infringement Contentions.  Plaintiffs shall provide final infringement contentions thirty (30) days after the expiration of the period to object to the Magistrate Judge's Claim Construction Report & Recommendation if no objections are filed by either party, or, if objections are filed by either party, thirty (30) days after the Court completes ruling on those objections.

          vi.    Final Invalidity Contentions.    Defendant shall provide final invalidity contentions forty-five (45) days after the expiration of the period to object to the Magistrate Judge's Claim Construction Report & Recommendation if

no objections are filed by either party, or, if objections are filed by either party, forty-five (45) days after the Court completes ruling on those objections.

     e.     Fact Discovery Cut Off. All fact discovery shall be initiated so that it will be completed on or before June 25, 2021. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

     f.     Discovery Matters. Should counsel find they are unable to resolve a discovery matter or other matters covered by this provision,[3] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. At that time, counsel shall advise which parties have disputes, and each moving party shall raise no more than three (3) issues per motion/teleconference. Thereafter, the moving party or parties shall each file a "Motion for Teleconference To Resolve Discovery Dispute(s)."[4]

The following procedures shall apply:

     (1). Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file a letter with the

---

[3] To meet the import of that phrase, counsel, including Delaware counsel, are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

[4] The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters—Motion to Resolve Discovery Disputes."

Court, not to exceed four (4) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12 point font, outlining that party's reason for its opposition.

(2). Attachments/Exhibits: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the disputed interrogatory or request for production and the responses as they exist at the time of the letter submissions should be attached.[5] The parties attempts to resolve and/or narrow the issues as contained in letters or emails shall not be included; however, suggested solutions to the issues shall be included in the letter submissions. Cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

---

[5] The history through emails, letters and meet-and-confers resulting in modification of the original interrogatory or request for production shall not be attached. If the interrogatory or request for production is modified to which an objection remains, only the modified interrogatory/request for production and the answer/response shall be attached, and only the current positions of the parties shall be reflected in the letter submissions.

(3). To the extent factual issues are disputed or central to the Court's analysis,[6] *non-conclusory,* sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

(4). A proposed order, attached as an exhibit, setting out in detail the nature of the relief requested, including the date by which the requested relief is to be completed.

The same procedure outlined above shall apply to protective order drafting disputes, except a "Joint Motion for Teleconference To Resolve Protective Order Dispute," shall be filed and the parties are limited to a total of three (3) issues with one submission each. The submissions shall include the party's proposal of the content for the disputed portion(s) of the protective order.

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Disputes or issues covered by the provisions contained herein regarding motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

---

[6] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General,* C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.,* 707 F. Supp. 1429 (D. Del. 1989).

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent expressed approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

Counsel shall provide a list of the teleconference participants, either by including the list on a separate page with the letters, or fax to Chambers at 302-573-6445 at the same time the letters are efiled. If the list is included with the letters, it will not be counted as part of the page limitation for the letter submission.

g. Fact Witnesses to be Called at Trial. Within thirty (30) days following the close of expert discovery, the parties shall exchange a list containing each fact witness previously disclosed during discovery, including any expert witness who is also expected to provide fact testimony, whom it intends to call at trial. Within thirty (30) days of this exchange, the parties shall exchange a list of each rebuttal fact witness whom it intends to call at trial. Parties shall have the right to depose any such fact witness not previously deposed in this case. Any deposition shall be held within thirty (30) days of the exchange of the rebuttal list and shall be limited to twenty (20) hours per side in the aggregate, unless extended by agreement or by order of the court upon good cause shown.

4. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and

8

attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty-one (21) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, the Default Discovery Confidentiality Order shall control. Absent agreement among the parties, the Default Standard of Access to Source Code shall control.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

5. Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

6. ADR Process. To be discussed during the Rule 16 conference.

7. Interim Status Report. On August 28, 2020, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

9

8.  Status Conference.  On ~~August ___, 2020~~, *to be determined if necessary - MPT* the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at ___:___ ___.m.

Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be removed from the Court's calendar.

9.  Tutorial Describing the Technology and Matters in Issue.  If the parties believe that a tutorial on the technology would be helpful, they may provide the Court by October 23, 2020, with a tutorial on the technology at issue.  In that regard, each party may submit a videotape/CD of not more than 30 minutes.  The parties may choose to present the tutorial in person.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the

10

opposing party's videotape/CD tutorial. Any such comment shall be filed by October 30, 2020. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. Claim Construction Issue Identification. On July 2, 2020, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on July 17, 2020. The parties' Joint Claim Construction Chart should identify for the Court the number of claim terms in issue, as well the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. Claim Construction. Counsel must identify during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any

11

language not so identified will be construed according to its ordinary dictionary meaning.

Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages on August 14, 2020. Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on September 18, 2020. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on October 9, 2020. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on October 26, 2020. No later than November 2, 2020, the parties shall file a Joint Claim Construction Brief, by copying and pasting their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

### Joint Claim Construction Brief

I.  Agreed-upon Constructions

II. Dispute Constructions

    A.  [Term 1]

        1.  Plaintiff's Opening Position

        2.  Defendant's Answering Position

        3.  Plaintiff's Reply Position

        4.  Defendant's Sur-Reply Position

The above format shall be followed for each claim term in dispute.

Case 1:18-cv-01018-CFC-MPT   Document 63   Filed 05/20/20   Page 13 of 24 PageID #: 1420

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

12. <u>Hearing on Claim Construction.</u>   Beginning at 9:30 a.m. on November 18, 2020, the Court will hear evidence and argument on claim construction.

13. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Pinpoint Citations.</u>   Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel,* 927 F.2d 955, 956 ("Judges are not like pigs, hunting for truffles buried in briefs.").

15. <u>Hard Copies.</u>  The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 4 of this Order, all briefs, and any other document filed in support of any such letters and briefs (i.e., the concise statement

13

of facts filed pursuant to paragraph 17 of this Order, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Exhibits and attachments shall be separated by tabs. Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

16. Disclosure of Expert Testimony.

(a) Expert Reports. For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before July 27, 2021. Rebuttal expert reports on the same matter identified by another party is due on or before August 26, 2021. Reply expert reports from the party with the initial burden of proof are due on or before September 23, 2021. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts'

14

availability for deposition.  Depositions of experts shall be completed on or before October 22, 2021.  Unless extended by agreement of the parties or by order of the Court, the deposition of each expert shall be limited to a maximum of seven hours.

(b)     Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

17.     Case Dispositive Motions.

(a)     No early motions without leave.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before November 9, 2021.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)     Motions to be Filed Separately.   A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c)     Word limits combined with *Daubert* motion word limits. Each party is permitted to file as many case dispositive motions as desired;

provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs.  The text for each brief shall be 14-point and in Times New Roman or a similar typeface.  Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(d)     Concise Statement of Facts Requirement.  Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[7]  A party must submit a separate

---

[7] A party does not satisfy the requirements of this paragraph by stating that an accused instrumentality infringes an asserted claim or asserted claim limitation. The party must detail each material *fact* in its concise statement of facts. The

concise statement of facts for each summary judgment motion.  Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

(e)   Focus of the Concise Statement.  When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact.  Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful).  The concise statement shall particularly identify the page and portion of the page of the document referenced.  The document referred to shall have relevant portions highlighted or otherwise emphasized.  The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough

---

concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

of a document is attached to put the matter in context.  If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript.  If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists.  When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit.  Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

(f)     Word Limits for Concise Statement.  The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words.  The text for each statement shall be 14-point and in Times New Roman or a similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(g)     Affidavits and declarations.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(h)     Scope of Judicial Review.   When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise

18

statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

18.     Pretrial Conference. On ~~March~~ 'April 13, 2022, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 3:00 p.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on March 23, 2022 [21 days before the Pretrial Conference]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The joint pretrial order shall comply with paragraphs 14 and 15 of this Order.

19.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a

19

maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

20.    Compendium of Cases. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

21.    Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii)

20

final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on

March 20, 2022 [21 days before the Pretrial Conference]. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

22.     Trial.  This matter is scheduled for a five (5) day trial beginning at 9:30 a.m. on April 18, 2022, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

Chief U.S. Magistrate Judge Mary Pat Thynge

6614245

21

## Appendix A

| EVENT | DATE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | Within 21 days of Scheduling Order |
| Protective Order | Within 21 days of Scheduling Order |
| E-Discovery Order | Within 30 days of Scheduling Order |
| Disclosure of Asserted Patents, Accused Products, and File Histories, pursuant to Default Standard for Discovery, Section 4.a | April 13, 2020 |
| Core Technical Documents Production, pursuant to Default Standard for Discovery, Section 4.b | May 13, 2020 |
| Initial Infringement Contentions, pursuant to Default Standard for Discovery, Section 4.c | June 22, 2020 |
| Initial Invalidity Contentions, pursuant to Default Standard for Discovery, Section 4.d | August 6, 2020 |
| Final Infringement Contentions | 30 days after close of objection period to Magistrate Judge's Claim Construction R&R if no objections filed or, if objections filed, 30 days after the Court's completion of ruling on objections |
| Final Invalidity Contentions | 45 days after close of objection period to Magistrate Judge's Claim Construction R&R if no objections filed or, if objections filed, 45 days after the Court's completion of ruling on objections |
| Joinder of Other Parties and Amendment of Pleadings | April 30, 2020 |
| Motions for Leave to Assert Inequitable Conduct | April 22, 2021 |

| EVENT | DATE |
|---|---|
| Exchange List of Claim Term(s)/Phrase(s) and proposed constructions | July 2, 2020 |
| Joint Claim Construction Chart | July 17, 2020 |
| Interim Status Report | August __, 2020 |
| Status Conference | August __, 2020 |
| Opening Claim Construction Brief (Plaintiff) | August 14, 2020 |
| Answering Claim Construction Brief (Defendants) | September 18, 2020 |
| Reply Claim Construction Brief (Plaintiff) | October 9, 2020 |
| Sur-Reply Claim Construction Brief (Defendants) | October 26 2020 |
| Tutorial Describing the Technology and Matters in Issue | October 23, 2020 |
| Objections to Tutorial | October 30, 2020 |
| Joint Claim Construction Brief | November 2, 2020 |
| Claim Construction Hearing | November 18, 2020 |
| Fact Discovery Cutoff | June 25, 2021 |
| Opening Expert Reports | July 27, 2021 |
| Rebuttal Expert Reports | August 26, 2021 |
| Reply Expert Reports | September 23, 2021 |
| Completion of Expert Discovery | October 22, 2021 |
| Objections to Expert Testimony | November 9, 2021 |
| Case Dispositive Motions | November 9, 2021 |
| Parties Serve List of Fact Witnesses | 30 days following close of expert discovery |

| EVENT | DATE |
|---|---|
| Parties Serve List of Rebuttal Fact Witnesses | Within 30 days of Exchange of Fact Witness List |
| Depositions of any newly disclosed Fact Witnesses | Within 30 days of Exchange of Rebuttal Witness List |
| Proposed Final Pretrial Order | 21 days before Pretrial Conference |
| Jury Instructions, Voir Dire and Special Verdict Forms | 21 days before Pretrial Conference |
| Pretrial Conference | March __ / April 3 2022 |
| Trial (5 Days) | April 18, 2022 |

3