IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC and BT AMERICAS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-1018 (CFC) (MPT) |
| FORTINET, INC., | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT FORTINET INC.'S COMMENTS ON PLAINTIFFS BRITISH TELECOMMUNICATIONS PLC ET AL.'S TECHNOLOGY TUTORIAL**

Pursuant to paragraph 9 of the Court's June 24, 2020 Scheduling Order (D.I. 72), Defendant Fortinet, Inc. provides the following comments on the technology tutorial submitted by Plaintiffs British Telecommunications plc and BT Americas, Inc. ("BT") on October 23, 2020.

**I.     Tutorial Length**

Fortinet objects to BT's tutorial to the extent it exceeds the limits imposed by the Scheduling Order on the length of tutorials.

**II.    Improper Arguments Regarding Claim Construction**

Fortinet objects to BT's tutorial slides 11, 14, 16, 67, and 68 for improperly including attorney arguments regarding claim-construction issues in dispute.  In particular:

- BT tutorial slide 11 improperly argues that *inter alia* "Attacker IP" and "Sentry IP" embody the disputed claim term "status data" despite this issue being a key point of contention between the parties with respect to the '237 and '641 patents.

- BT tutorial slide 14 improperly advocates a construction of the disputed claim term "residue" in its title banner with respect to the '237 and '641 patents.

- BT tutorial slide 16 also improperly advocates a construction of "residue" in its bullet-point body text with respect to the '237 and '641 patents.

- BT tutorial slides 67 and 68 purport to illustrate the operation of the invention with respect to two disputed claim terms, "role" and "policies." These depictions mischaracterize the '971 patent and are unsupported by the specification.

BT's inclusion of such attorney arguments regarding claim construction is contrary to the Court's Order. *See* D.I. 72, ¶ 9 (tutorial "should not be used to argue the parties' claims construction contentions"). The parties' respective positions and arguments regarding the disputed claim terms will be set forth in the Joint Claim Construction Brief to be filed by November 2, 2020.

### III.     Improper Arguments Regarding Prior Art and Validity Issues

Fortinet objects to BT's tutorial slides 4, 15, 70, and 71 for improperly including attorney arguments regarding issues of prior art and validity. In particular:

- BT tutorial slide 4 mischaracterizes the '237 and '641 prior art as broadly being "unable to detect and respond to intelligent attacks, including newer and previously unknown intrusions" in its title banner.

- BT tutorial slide 15 mischaracterizes the '237 and '641 prior art as "not analyz[ing] 'residue' to identify potential security events for further analysis" in its title banner.

- BT tutorial slides 70 and 71 characterize the '358 patent as an "improvement in the use of cooperating software agents in an intrusion detection system." Such a characterization does not appear in, and is not supported by, the specification.

Again, BT's inclusion of such attorney arguments regarding prior art and BT's validity contentions is contrary to the purpose of the Court-ordered technology tutorial. *See* D.I. 72, ¶ 9

(tutorial "should focus on the technology in issue").  Fortinet reserves the right to respond to BT's attorney arguments regarding prior art and validity in due course.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Brian P. Egan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) <br> Brian P. Egan (#6227) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> (302) 658-9200 <br> jblumenfeld@mnat.com <br> began@mnat.com |
| Robert A. Van Nest <br> Leo L. Lam <br> Brian L. Ferrall <br> Erin E. Myer <br> Connie P. Sung <br> Anna Porto <br> KEKER, VAN NEST & PETERS LLP <br> 633 Battery Street <br> San Francisco, CA  94111-1809 <br> (415) 391-5400 | *Attorneys for Defendant* |

October 30, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 30, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Jonathan A. Choa, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE  19899<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| James H. Shalek, Esquire<br>Baldassare Vinti, Esquire<br>Nolan M. Goldberg, Esquire<br>Fabio E. Tarud, Esquire<br>Stephanie A. Diehl, Esquire<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY  10036-8299<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

/s/ *Brian P. Egan*

Brian P. Egan (#6227)