IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC AND BT AMERICAS, INC., </br></br>Plaintiffs, </br></br>v. </br></br>FORTINET, INC., </br></br>Defendant. | ) ) ) ) ) ) C. A. No.18-1018-CFC-MPT ) ) ) ) ) ) |

**NON-PARTY BRUCE SCHNEIER'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS AND TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure the Local Rules for the U.S. District Court for the District of Delaware, and communications between counsel, non-party Bruce Schneier ("Schneier") hereby objects and responds to Defendant Fortinet, Inc.'s ("Fortinet's") Subpoenas to Produce Documents and Testify at a Deposition in a Civil Action dated January 27, 2021, including all related definitions, instructions, requests for documents and things, and topics for examination (collectively, the "Subpoena").

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Schneier makes the following general objections to the Subpoena. Each of these general objections is incorporated into the specific objections set forth below, whether or not separately set forth therein.

1. Schneier's response to the Subpoena is made to the best of his current knowledge, information, and belief.

2. Schneier objects to the deposition date and time of March 19, 2021 at 9:00 am, as specified in the Subpoena because the date and time of the requested deposition was selected by

Fortinet unilaterally, without consulting with Schneier's counsel about his availability. Counsel for Schneier is available to meet and confer with Fortinet to discuss appropriate date(s) for this deposition.

3. Schneier objects to the Subpoena to the extent that it purports to require him to answer specific topics for examination in a deposition as if the Subpoena was directed to an organization under Federal Rule of Civil Procedure 30(b)(6). Schneier was noticed as an individual under Federal Rule of Civil Procedure 45, and therefore the list of "potential topics for examination" is improper. Plaintiffs British Telecommunications plc and BT Americas, Inc. and Schneier reserve all objections, including objections to questions that fall within any of the improperly identified topics.

4. Schneier objects to the Subpoena to the extent that it seeks information and documents protected from discovery under: (a) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest and joint-defense doctrines; or (d) any other applicable privilege, doctrine, or immunity or protection from disclosure afforded by state or federal law.

5. As set forth in the parties' Stipulation and Order Regarding the Discovery of Electronically-Stored Information, which was entered by the Court on July 29, 2020 (referred to herein as the ESI Order), Schneier notes that the parties agreed that privileged documents and redacted documents need not be logged in a privilege log. *See* D.I. 86 at 2 ("The parties agree that privileged documents and redacted documents need not be logged in a privilege log.").

6. Also as set forth in the ESI Order, the inadvertent production by Schneier of information protected by any privilege or doctrine shall not constitute a waiver by Schneier of such protections. *See* D.I. 86 at 3. Any such inadvertently-disclosed information or documents

shall be returned promptly to Schneier upon notification to Fortinet, and shall not be copied, used, or referred to in any way by Fortinet for any purpose.

7.  Schneier reserves the right to interpose additional objections during the requested deposition.

8.  Schneier reserves the right to supplement or amend these objections and responses and any document production as further investigation and discovery occur.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents related to the conception, reduction to practice, and/or development of the invention claimed in the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing preliminary statement and general objections, Schneier further objects to this request as unduly burdensome, disproportionate, and contrary to Federal Rule of Civil Procedure 45(d)(1) because it seeks "[*a*]*ll* documents related to" the requested subject matter rather than documents sufficient to show specific issues (or similar limiting language).  *See* D.I. 86 at 4 ("Targeted requests for specific relevant documents and categories of documents are the preferred form of discovery requests in this action."); *see also* Default Standard, Section 1.b ("Parties are expected to use reasonable, good faith and proportional efforts to … identify … relevant information. This includes identifying appropriate limits to discovery, including limits on … identification of relevant subject matter[.]"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").  Schneier objects to this request to the extent it seeks information that is a matter of

3

public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive.

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 2:**

All technical documents, including but not limited to specification, user manuals, installation manuals, reference manuals, architecture descriptions, release notes, design documents, blueprints, schematics, engineering notebooks, data sheets and/or white papers related to the invention claimed in the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing preliminary statement and general objections, Schneier further objects to this request as unduly burdensome, disproportionate, and contrary to Federal Rule of Civil Procedure 45(d)(1) because it seeks "[*a*]*ll* technical documents related to" the requested subject matter rather than documents sufficient to show specific issues (or similar limiting language). *See* D.I. 86 at 4 ("Targeted requests for specific relevant documents and categories of documents are the preferred form of discovery requests in this action."); *see also* Default Standard, Section 1.b ("Parties are expected to use reasonable, good faith and proportional efforts to … identify … relevant information. This includes identifying appropriate limits to discovery, including limits on … identification of relevant subject matter[.]"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Schneier objects to this request to the extent it seeks information that is a matter of

4

public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive.

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 3:**

All prior art related to the invention claimed in the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing general objections, Schneier further objects to this request as unduly burdensome, disproportionate, and contrary to Federal Rule of Civil Procedure 45(d)(1) because it seeks "[a]ll prior art related to the invention claimed in the '641 and '237 patents" rather than documents sufficient to show specific issues (or similar limiting language). *See* D.I. 86 at 4 ("Targeted requests for specific relevant documents and categories of documents are the preferred form of discovery requests in this action."); *see also* Default Standard, Section 1.b ("Parties are expected to use reasonable, good faith and proportional efforts to … identify … relevant information. This includes identifying appropriate limits to discovery, including limits on … identification of relevant subject matter[.]"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Schneier objects to this request to the extent it seeks information that is a matter of public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive. Schneier objects to this request because it calls for legal conclusions, including whether a reference constitutes "prior art."

5

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 4:**

All documents related to the ownership and/or assignment of the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing preliminary statement and general objections, Schneier further objects to this request as unduly burdensome, disproportionate, and contrary to Federal Rule of Civil Procedure 45(d)(1) because it seeks "[a]*ll* documents related to" the requested subject matter rather than documents sufficient to show specific issues (or similar limiting language). *See* D.I. 86 at 4 ("Targeted requests for specific relevant documents and categories of documents are the preferred form of discovery requests in this action."); *see also* Default Standard, Section 1.b ("Parties are expected to use reasonable, good faith and proportional efforts to … identify … relevant information. This includes identifying appropriate limits to discovery, including limits on … identification of relevant subject matter[.]"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Schneier objects to this request to the extent it seeks information that is a matter of public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive.

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 5:**

All documents related to the development of any products embodying the invention claimed in the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing preliminary statement and general objections, Schneier further objects to this request as unduly burdensome, disproportionate, and contrary to Federal Rule of Civil Procedure 45(d)(1) because it seeks "[a]*ll* documents related to" the requested subject matter rather than documents sufficient to show specific issues (or similar limiting language).  *See* D.I. 86 at 4 ("Targeted requests for specific relevant documents and categories of documents are the preferred form of discovery requests in this action."); *see also* Default Standard, Section 1.b ("Parties are expected to use reasonable, good faith and proportional efforts to … identify … relevant information. This includes identifying appropriate limits to discovery, including limits on … identification of relevant subject matter[.]"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").  Schneier also objects to this request as overbroad, unduly burdensome, and disproportionate because it broadly requires Schneier to conduct an analysis of every product to determine which products may "embody" the invention claimed in the '237 and '641 patents.  Schneier objects to this request because it calls for legal conclusions or expert testimony, including whether a product embodies invention claimed in the '237 and '641 patents.  Schneier objects to this request to the extent it seeks information that is a matter of public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive.

7

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 6:**

All documents related to any commercial success of any products embodying the invention claimed in the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing preliminary statement and general objections, Schneier further objects to this request as unduly burdensome, disproportionate, and contrary to Federal Rule of Civil Procedure 45(d)(1) because it seeks "[a]ll documents related to" the requested subject matter rather than documents sufficient to show specific issues (or similar limiting language). *See* D.I. 86 at 4 ("Targeted requests for specific relevant documents and categories of documents are the preferred form of discovery requests in this action."); *see also* Default Standard, Section 1.b ("Parties are expected to use reasonable, good faith and proportional efforts to … identify … relevant information. This includes identifying appropriate limits to discovery, including limits on … identification of relevant subject matter[.]"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Schneier objects to this request because it calls for legal conclusions or expert testimony, including what constitutes "commercial success." Schneier objects to this request to the extent it seeks information that is a matter of public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive.

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

All documents related to the prosecution of the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing preliminary statement and general objections, Schneier further objects to this request as unduly burdensome, disproportionate, and contrary to Federal Rule of Civil Procedure 45(d)(1) because it seeks "[a]*ll* documents related to" the requested subject matter rather than documents sufficient to show specific issues (or similar limiting language). *See* D.I. 86 at 4 ("Targeted requests for specific relevant documents and categories of documents are the preferred form of discovery requests in this action."); *see also* Default Standard, Section 1.b ("Parties are expected to use reasonable, good faith and proportional efforts to … identify … relevant information. This includes identifying appropriate limits to discovery, including limits on … identification of relevant subject matter[.]"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Schneier objects to this request to the extent it seeks information that is a matter of public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive.

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 8:**

All documents reflecting any assessment of infringement or validity or enforceability of the '641 and '237 patents.

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing preliminary statement and general objections, Schneier further objects to this request to the extent that it calls for legal conclusions or expert testimony, including documents that reflect infringement, validity, or enforceability assessments. Schneier objects to this request to the extent it seeks information that is a matter of public record or could be obtained from discovery of the parties to the litigation, or from other sources that are more convenient, less burdensome, and/or less expensive.

Subject to the foregoing objections, Schneier responds that, after conducting a reasonable search, he does not have any documents responsive to this request in his possession, custody, or control.

|  |  |
|---|---|
| OF COUNSEL:<br><br>James H. Shalek<br>Baldassare Vinti<br>Nolan M. Goldberg<br>Stephanie A. Diehl<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>(212) 969-3000<br><br>Dated: February 10, 2021<br>7041898 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ *Philip A. Rovner*<br>Philip A. Rovner (#3215)<br>Jonathan A. Choa (#5319)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com<br><br>*Attorneys for Plaintiffs British Telecommunications plc and BT Americas, Inc.* |